# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

**TIMOTHY R. BRADSHAW,**
**individually and as next friend of**
**E.B., a minor,**                                              **No.**

**Plaintiffs,**                                                      **JURY DEMAND**

**v.**

**CITY OF JOHNSON CITY, TENNESSEE;**
**OFFICER GABRIEL DOUGLAS, in his individual capacity;**
**LIEUTENANT JEFF LEGAULT, in his individual capacity,**

**Defendants.**

---

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS
## (42 U.S.C. § 1983 AND STATE LAW)

---

COMES NOW, Plaintiffs, Timothy Bradshaw, individually, and Timothy Bradshaw as next of friend of E.B., a minor, and would file this Complaint against Defendants, the City of Johnson City, Tennessee, Officer Gabriel Douglas, and Officer Jeff Legault. In support thereof, Plaintiffs state as follows:

## I.      <u>JURISDICTION AND VENUE</u>

1) This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and the laws of the State of Tennessee.

2) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3) This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

4)  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Washington County, Tennessee.

## II.   **PARTIES**

5)  Plaintiff Timothy R. Bradshaw is a resident of Scott County, Virginia and the father and primary custodial parent of E.B., a minor child.

6)  Plaintiff E.B. is a minor child and brings this action by and through his father and next friend, Timothy R. Bradshaw.

7)  Defendant City of Johnson City is a municipal corporation organized under the laws of Tennessee and responsible for the policies, customs, and practices of the Johnson City Police Department.

8)  Defendant Officer Gabriel Douglas is a sworn law enforcement officer employed by the Johnson City Police Department and is sued in his individual capacity.

9)  Defendant Lieutenant Jeff Legault is a supervisory officer employed by the Johnson City Police Department who approved and authorized the arrest of Mr. Bradshaw and is sued in his individual capacity.

## III.   **FACTUAL ALLEGATIONS**

10) On February 26, 2024, the Juvenile and Domestic Relations District Court of Scott County, Virginia entered a valid custody order awarding Plaintiff Timothy Bradshaw primary physical custody of his son, E.B., with limited parenting time to the child's mother.

11) The custody order was entitled to full faith and credit and enforceable in Tennessee.

12) The custody order restricted parental communication to email and did not prohibit either parent from contacting law enforcement regarding custody enforcement.

13) On January 3, 2025, Mr. Bradshaw agreed by email to allow the child's mother temporary visitation from 10:00 a.m. to 2:00 p.m., with the child to be returned at the Johnson City Police Department.

14) The child was not returned as agreed.

15) Acting as the lawful custodial parent, Mr. Bradshaw contacted the Johnson City Police Department seeking assistance in securing the return of his child pursuant to the custody order.

16) Defendant Douglas was informed that Mr. Bradshaw held primary custody and that the child was being unlawfully retained by the mother.

17) Mr. Bradshaw offered to present the Scott County, Virginia custody order to Defendant Douglas.

18) Defendant Douglas refused to review the custody order or otherwise verify its contents.

19) Defendant Douglas accepted unverified allegations that Mr. Bradshaw violated an order of protection by contacting law enforcement regarding custody.

20) Defendant Douglas did not verify the scope of the order of protection and did not consult a magistrate or judge prior to arrest.

21) Defendant Douglas contacted Defendant Lieutenant Legault, who approved the arrest without requiring further investigation, review of the custody order, or judicial authorization.

22) Mr. Bradshaw was arrested without a warrant and without probable cause.

23) Mr. Bradshaw was detained from January 3, through January 5, 2025.

24) As a direct and foreseeable result of Defendants' actions, E.B. was separated from his custodial parent and placed into the physical custody of his mother without court order, notice, hearing, or exigent circumstances.

25) The separation caused E.B. fear, emotional distress, confusion, and disruption of his stable custodial environment.

26) Plaintiffs requested preservation of all body-worn camera footage related to the incident.

## IV.     CAUSES OF ACTION
### COUNT I – Fourth Amendment False Arrest (42 U.S.C. § 1983)

27) Plaintiffs incorporate all preceding paragraphs.

28) Defendants arrested Plaintiff Timothy Bradshaw without probable cause in violation of the Fourth Amendment.

29) Plaintiff E.B. suffered derivative and direct injuries, including loss of companionship and emotional distress, as a foreseeable result of the unlawful arrest.

30) Defendants are not entitled to qualified immunity because the right to be free from arrest without probable cause was clearly established.

### COUNT II – Fourteenth Amendment Procedural Due Process (42 U.S.C. § 1983)

31) Plaintiffs incorporate all preceding paragraphs.

32) Plaintiffs possessed clearly established liberty interests in the care, custody, and familial association with one another.

33) Defendants deprived Plaintiffs of those interests without notice, hearing, or exigent circumstances.

## COUNT III – Municipal Liability (Monell)

34) Plaintiffs incorporate all preceding paragraphs.

35) Defendant City maintained policies or customs of failing to train officers on enforcement of out-of-state custody orders and on probable cause standards involving orders of protection.

36) These failures were the catalyst behind the constitutional violations suffered by both Plaintiffs.

## COUNT IV – State-Law False Arrest and False Imprisonment (Tennessee Law)

37) Plaintiffs incorporate all preceding paragraphs.

38) Defendants Douglas and Legault intentionally restrained Plaintiff Timothy Bradshaw without legal justification.

39) This claim is asserted against Defendants Douglas and Legault individually and is not barred by the Tennessee Governmental Tort Liability Act because it arises from willful and intentional misconduct.

## V.     DAMAGES

40) Plaintiffs suffered loss of liberty, emotional distress, loss of familial association, and other compensable injuries.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

   i.     Award compensatory damages to Plaintiffs;

   ii.     Award punitive damages against the individual Defendants;

   iii.     Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

   iv.     Grant such other relief as the Court deems just and proper.

## VII.  <u>JURY DEMANDED</u>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

By:     /s/ Joseph W. McMurray
        JOSEPH W. MCMURRAY, BPR:
        028773
        **R. Wayne Culbertson, P.C.**
        Attorney for Defendant
        119 W. Market Street
        Kingsport, TN  37660
        Office: (423) 247-6161
        Fax:     (423) 247-5072
        Email: mcmurray@gmail.com

        *Attorney for Plaintiffs*